IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 4:15-CR-94 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| SHAUN CHAPMAN, | : | |
| | : | |
| Defendant | : | |

### ORDER

AND NOW, this 30th day of June, 2015, upon consideration of the *pro se* correspondence (Docs. 22-23) filed by defendant Shaun Chapman ("Chapman"), wherein Chapman requests that the court remove his court-appointed counsel, D. Toni Byrd, Esquire, ("Attorney Byrd"), and allow him to proceed *pro se* with the assistance of standby counsel, and after conducting an *ex parte* hearing on the matter on Friday, June 26, 2015, the court finding that Chapman has made a voluntary, knowing, and intelligent waiver of his right to representation by counsel, see Buhl v. Cooksey, 233 F.3d 783, 789 (3d Cir. 2000) ("[T]he constitutional right of self-representation in a criminal case is conditioned upon a voluntary, knowing, and intelligent waiver of the right to be represented by counsel."), and that Chapman has properly asserted his right to represent himself,[1] and the court concluding that "a defendant must be allowed to represent him/herself when a proper request is made and counsel is waived," Buhl, 233 F.3ed at 791 (citing Faretta v. California, 422 U.S. 806 (1975)), and the court noting that it "may terminate self-representation

---

[1] The court warned Chapman of the dangers of self-representation at the hearing held on June 26, 2015. He has also been informed of the nature of the charges against him and the possible penalties.

by a defendant who deliberately engages in serious obstructionist misconduct," Faretta, 422 U.S. at 834 n.46, it is hereby ORDERED that:

1. Chapman's correspondence (Docs. 22-23) are CONSTRUED as a formal motion to dismiss counsel and proceed *pro se* and are GRANTED as so construed.[1]

2. The appointment of D. Toni Byrd, Esquire ("Attorney Byrd"), as counsel for Chapman in the above-captioned criminal proceeding is TERMINATED.

3. Chapman is permitted to proceed *pro se* in this matter.

4. Attorney Byrd is directed to provide Chapman with the file in the above-captioned matter forthwith.

5. Attorney Byrd is APPOINTED as standby counsel for Chapman. See McKaskle v. Wiggins, 465 U.S. 168 (1984); United States v. Bertoli, 994 F.2d 1002 (3d Cir. 1993).

6. Standby counsel shall be prepared to perform at least the following functions during trial:

    a. Standby counsel must be available to provide assistance to defendant. Bertoli, 994 F.2d at 1019.

    b. Standby counsel must be prepared to conduct defendant's case in the event he wishes to terminate his *pro se* status and the court grants the request. Id.; United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).

    c. Standby counsel must be prepared to explain the basic rules of court protocol and procedure to defendant. Bertoli, 994 F.2d at 1019.

---

[2] The court reiterates that, if Chapman engages in serious misconduct, the court may terminate his self-representation. Faretta, 422 U.S. at 834 n.46. Serious misconduct might include, but is not limited to, actions that obstruct or manipulate the proceedings. The court may also consider evidence of dilatory motive as a basis for denying a defendant's self-representation. United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).

    d.      Standby counsel must be prepared to aid defendant in "overcom[ing] routine obstacles that may hinder effective *pro se* representation." Id.

    e.      Standby counsel must be prepared to conduct defendant's case in the event that the court terminates defendant's *pro se* status due to deliberate or obstructionist misconduct. Faretta, 422 U.S. at 834 n.46.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania